**Dallas S. DeLuca, OSB #072992**
DallasDeLuca@MarkowitzHerbold.com
**Daniel J. DiCicco, OSB #073730**
DanDiCicco@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel:  (503) 295-3085
Fax:  (503) 323-9105

Attorneys for Defendants
(Additional Counsel of Record listed on signature page)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **KEY COMPOUNDS LLC** and **ALEXANDER REYTER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PHASEX CORPORATION** and **HANS SCHONEMANN,**<br><br>Defendants. | Case No. 6:20-cv-00680-AA<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Hans Schonemann ("Mr. Schonemann") through his attorney, Laura Greenberg-Chao of Henshon Klein LLP, answers the Complaint of Key Compounds LLC ("Key Compounds") and Alex Reyter ("Reyter").  Any allegations not expressly admitted are hereby denied. This Answer follows the numbering provided in the Complaint [Doc. No. 1].

**Page  1 -    ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**

## INTRODUCTION

1.      Mr. Schonemann admits that cannabidiol, or CBD, is one of many chemical compounds present in industrial hemp and other hemp derivatives and CBD can be extracted from the industrial hemp plant, processed and refined to remove unwanted constituents such as tetrahydrocannabinol ("THC") – the psychoactive compound present in both help and marijuana plants – as well as waxes, fats, lipids, and chlorophyll.  Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies them.

2.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.      Mr. Schonemann denies the first sentence of Paragraph 4.  Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies them.

## THE PARTIES

5.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.      Mr. Schonemann admits the allegations in Paragraph 7.

8.      Mr. Schonemann admits the allegations in Paragraph 8.

///

**JURISDICTION AND VENUE**

9.      The allegations in Paragraph 9 state legal conclusions to which no response is required.  To the extent a response is required, Mr. Schonemann admits that the Plaintiffs purport to assert jurisdiction pursuant to 28 U.S.C. §1332(a).  Mr. Schonemann admits the allegations concerning his citizenship and Phasex's citizenship.  Mr. Schonemann is without knowledge or information sufficient to form a belief as to the citizenship of Reyter or Key Compounds and therefore denies these allegations.  Mr. Schonemann denies that the amount in controversy exceeds $75,000.

10.      The allegations in Paragraph 10 state legal conclusions to which no response is required.

**FACTS**

11.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.      The allegations in Paragraph 12 state legal conclusions to which no response is required.

13.      The allegations in Paragraph 13 state legal conclusions to which no response is required.

14.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.      Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.      Mr. Schonemann admits that on January 7, 2019, Reyter reached out to Phasex and spoke with Mr. Schonemann, Phasex's President, by telephone. Mr. Schonemann is without

knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 16 and therefore denies them.

17.    Mr. Schonemann admits that Reyter explained to Mr. Schonemann that Key Compounds wanted Phasex to do the same work that Phasex had done for its other Oregon customer, New Earth Biosciences, but denies the characterization of that work in Paragraph 17.

18.    Mr. Schonemann admits that he sent an email to Reyter on January 8, 2019.  To the extent the allegations of Paragraph 18 seek to characterize the contents of that email, the document speaks for itself and Mr. Schonemann denies the allegations to the extent that they are inconsistent with that document.

19.    Mr. Schonemann admits that he sent an email to Reyter on January 8, 2019.  To the extent the allegations of Paragraph 19 seek to characterize the contents of that email, the document speaks for itself and Mr. Schonemann denies the allegations to the extent that they are inconsistent with that document.

20.    Mr. Schonemann admits that Phasex prepared and proposed a letter agreement dated January 9, 2019 which outlined the scope of work and cost of Phasex's $CO_2$ purification process and that Reyter, on behalf of Key Compounds, signed the letter agreement. To the extent the allegations of Paragraph 20 seek to characterize the contents of that letter, the document speaks for itself and Mr. Schonemann denies the allegations to the extent that they are inconsistent with that document.

21.    Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 and therefore denies them.  Mr. Schonemann admits that Phasex also received a down payment of $9000 via ACH from Key Compounds on January 9, 2019.

**Page 4 -    ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**

22.     Mr. Schonemann admits the allegations in Paragraph 22 but clarifies that the carbon dioxide was supercritical, not liquid.

23.     To the extent the allegations of Paragraph 23 seek to characterize the contents of the January 8, 2019 email and/or the January 9, 2019 letter agreement described in Paragraphs 18-20 of the Complaint, the documents speak for themselves and Mr. Schonemann denies the allegations in Paragraph 23 to the extent that they are inconsistent with those documents.  To the extent a further response is required, the allegations of Paragraph 23 are denied.

24.     Mr. Schonemann denies the oversimplified description of its process and states that the Phasex process is proprietary.

25.     Mr. Schonemann denies that the waxes and other material from fraction 1 are "not of commercial value" and admits the remaining allegations in Paragraph 25.

26.     Mr. Schonemann denies the allegations in Paragraph 26.

27.     Mr. Schonemann denies the allegations in Paragraph 27.

28.     Mr. Schonemann denies the allegations in Paragraph 28.

29.     Mr. Schonemann admits that after a typical "run" of input oil was complete and the various fractions collected, Phasex had the opportunity to test the THC and CBD concentrations of each fraction.  Mr. Schonemann denies the remaining allegations in Paragraph 29.

30.     Mr. Schonemann denies the allegations in Paragraph 30.

31.     Mr. Schonemann admits the allegations in Paragraph 31.

32.     Mr. Schonemann denies the allegations in Paragraph 32.

33.     Mr. Schonemann denies the allegations in the first sentence of Paragraph 33.  Mr. Schonemann admits that fractions F2 through F7 contained less than 0.3% THC and Phasex's testing of fraction F8 reflected a THC level of 2.5987%.  Mr. Schonemann is without knowledge

or information sufficient to form a belief as to the truth of the allegations regarding other tests of F8's THC level and therefore denies them. The remaining allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 33 are denied.

34.     Mr. Schonemann denies the allegations in Paragraph 34.

35.     Mr. Schonemann admits that Phasex tested the THC levels of the Key Compounds oil before and after it was processed but denies the remaining allegations of Paragraph 35.

36.     Mr. Schonemann admits that Phasex's in-house testing of fraction F8 reflected a THC level of 2.5987%, but otherwise denies Paragraph 36.

37.     Mr. Schonemann denies the allegations in Paragraph 37.

38.     Mr. Schonemann admits the allegations in Paragraph 38.

39.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies them.

40.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41.     Mr. Schonemann denies the allegations as to Defendants' "promise". Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42.     Mr. Schonemann admits that fraction F8 contained more than 0.3% THC.

43.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

**FIRST CLAIM FOR RELIEF – Negligence**
**(All Plaintiffs against all Defendants)**

49.     Mr. Schonemann repeats and incorporates by reference, as if fully set forth herein, the answers in all preceding paragraphs.

50.     To the extent that Paragraph 50 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Mr. Schonemann denies the allegations in Paragraph 50.

51.     Mr. Schonemann denies the allegations in Paragraph 51 and all of its subparts.

52.     Mr. Schonemann denies that he improperly caused Plaintiffs to become the subject of a criminal investigation.  Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies them.

53.     Mr. Schonemann denies causing any damage to Plaintiffs.  Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and all of its subparts and therefore denies them.

///

///

**Page  7  -     ANSWER  AND  AFFIRMATIVE  DEFENSES  OF  DEFENDANT  HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**

## SECOND CLAIM FOR RELIEF – Gross Negligence
### (All Plaintiffs against all Defendants)

54.     Mr. Schonemann repeats and incorporates by reference, as if fully set forth herein, the answers in all preceding paragraphs.

55.     Mr. Schonemann denies the allegations of Paragraph 55.

56.     Mr. Schonemann denies the allegations in Paragraph 56.

57.     Mr. Schonemann denies the allegations in Paragraph 57.

58.     Mr. Schonemann denies the allegations in Paragraph 58 and all its subparts.

59.     To the extent that Paragraph 59 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Mr. Schonemann denies the allegations in Paragraph 59.

60.      To the extent that Paragraph 60 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Mr. Schonemann denies the allegations in Paragraph 60.

61.     To the extent that Paragraph 61 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Mr. Schonemann denies the allegations in Paragraph 61.

62.     Mr. Schonemann is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and Paragraph 53 and all of its subparts and therefore denies them.

///

///

///

///

### THIRD CLAIM FOR RELIEF – Breach of Contract
### (Plaintiff Key Compounds against Defendant Phasex)

63.    Paragraph 63 does not require a response from Mr. Schonemann.  To the extent that a response is required, Mr. Schonemann repeats and incorporates by reference, as if fully set forth herein, the answers in all preceding paragraphs.

64.    Paragraph 64 does not require a response from Mr. Schonemann.

65.    Paragraph 65 does not require a response from Mr. Schonemann.

66.    Paragraph 66 does not require a response from Mr. Schonemann.

67.    Paragraph 67 does not require a response from Mr. Schonemann.

68.    Paragraph 68 and its subparts do not require a response from Mr. Schonemann.

69.    Paragraph 69 does not require a response from Mr. Schonemann.

### PRAYER

Mr. Schonemann denies Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any relief whatsoever.

### DEMAND FOR JURY TRIAL

Mr. Schonemann demands a jury trial.

### AFFIRMATIVE DEFENSES

70.    The Complaint fails to state a claim upon which relief could be granted.

71.    Plaintiffs' claims are barred to the extent they are otherwise prohibited by or inconsistent with the terms of the parties' letter agreement.

72.    Plaintiffs' claims are barred by the doctrine of assumption of the risk.

73.    Plaintiffs' claims are equitably estopped.

74.    Plaintiffs' claims are barred because they were brought in bad faith.

75.    Plaintiffs' claims are barred by its abuse of process.

**Page  9 -    ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**

76.    Plaintiffs' claims are barred by the doctrine of waiver.

77.    Plaintiffs' claims are barred by the doctrine of ratification.

78.    Plaintiffs' claims are barred by the doctrine of unclean hands.

79.    Plaintiffs' claims are barred due to their illegal performance under the contract.

80.    Plaintiffs' claims are barred and/or any claims of damages are barred or reduced by the doctrine of contributory negligence.

81.    To the extent Plaintiffs suffered any injury, they failed to take reasonable, necessary, appropriate and feasible steps to mitigate the alleged damages, and to the extent of such failure to mitigate, Plaintiffs should be barred from recovering some or all of the alleged damages they seek.

82.    Plaintiffs' claims are barred because neither Mr. Schonemann's conduct nor the conduct of Phasex caused or contributed to any damages suffered by Plaintiffs.

83.    Plaintiffs' claims are barred because their alleged damages, if any, were caused by their own acts or omissions, or the acts and omissions of the persons or entities for which Plaintiffs are responsible.

84.    Plaintiffs have not incurred any compensable damages as a result of Phasex or Mr. Shonemann's acts or omissions.

85.    To the extent Plaintiffs suffered any injury, their damages are limited to the amount paid to Phasex pursuant to the parties' letter agreement.

86.    Plaintiffs' claims are barred in whole or in part because Plaintiffs' own negligence was a cause of their injury, including, but not limited to, the fact that Plaintiffs were in possession of Phasex's in-house testing data prior to Phasex shipping fractions 2-8 to Key Compounds.

**Page 10 -    ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANS SCHONEMANN TO PLAINTIFFS' COMPLAINT**

87.     Plaintiffs' tort claims are barred by the economic loss doctrine.

WHEREFORE, Mr. Schonemann respectfully requests (i) that Plaintiffs' Complaint be dismissed with prejudice; and (ii) that the Court award Mr. Schonemann such other relief as the Court deems proper under the circumstances.

DATED this 14th day of September, 2021.

MARKOWITZ HERBOLD PC

By:    _s/ Dallas DeLuca_
     Dallas DeLuca, OSB #072992
     DallasDeLuca@MarkowitzHerbold.com
     Daniel J. DiCicco, OSB #073730
     DanDiCicco@MarkowitzHerbold.com
     (503) 295-3085

     Attorneys for Defendants

HENSHON KLEIN LLP
Laura Greenberg-Chao, _admitted pro hac vice_
lgreenbergchao@henshon.com

     Attorney for Defendant Hans
     Schonemann